Staples, J.,
delivered the opinion of the court.
At the time the judgment was recovered against the •appellant in the court below it amounted to a fraction less than five hundred dollars. When, however, the appeal was applied for and obtained, the amount due, *736 including principal and interest, exceeded that sum.
m] . _ . . . lhe question is, whether this court has jurisdiction. considering applications for appeals and writs of error, this court has uniformly acted upon the idea that the date of the judgment or decree is to be looked to in order to determine the amount in controversy. The learned counsel insists that this practice is erroneous, that in ascertaining the amount in controversy reference should be had to the date of the appeal, so-that if the sum then due, including principal and interest, is five hundred dollars or upwards, this court has jurisdiction, although the judgment was in fact rendered for a less sum.
We have given the subject a careful consideration, and we see no reason for any change'in the rule adopted by the court. The constitution declares that the supreme court shall not have jurisdiction in civil cases where the matter in controversy, exclusive of costs, is less in value or amount than five hundred dollars, except in certain enumerated cases not necessary now to mention. What then is the construction to be placed upon this provision ? Does it refer to the matter in controversy in this court or in the lower court?
According to the decisions of the supreme court of the United States, in order to determine “the matter in controversy,” recurrence must be had to the subject for which the suit is brought, and on which issue is joined. Where the plaintiff sues for money, and claims in his declaration more than two thousand dollars, but by the ruling of the court obtains a judgment for less, he is entitled to an appeal, because as to him the matter in controversy is the sum claimed, and upon a new trial he may obtain a recovery for that sum or more.
But if the plaintiff is satisfied with a judgment for *737 less than two thousand dollars, the defendant cannot appeal, because as to him the only matter in controversy is the judgment, and that being for a less sum than two thousand dollars, the jurisdiction of the court does not attach. While, therefore, the amount actually in controversy is the criterion of jurisdiction in all cases, so far as the defendant is concerned, the sum for which the judgment was rendered at its date is alone looked to in order to determine the amount or subject matter. This is the well settled doctrine of the supreme court of the United States. 1 Brightley’s Digest, page 288, note. ■
This court has Uniformly adopted substantially the same rule. It also looks to the amount actually in dispute between the parties. If the plaintiff claims in his declaration or bill money or property of greater value than five hundred dollars, he is entitled to his appeal or writ of error, although the judgment may be for less. On the other hand, the defendant in the very same case is denied an appeal for the reason already given, and that is, the plaintiff being satisfied, the only matter of controversy is the judgment, which being for less than five hundred dollars, there is no ground for the jurisdiction of this court.
The learned counsel argues that an affirmance by the supreme court of the United States does not change the judgment or decree appealed from, whereas an affirmance by this court has that effect; and he argues, the rule in regard to appeals ought therefore to be different. Upon an affirmance by the supreme court of the United States, interest is calculated from the date of the judgment below till paid, at the same rate that similar judgments bear interest in the courts of the state where the judgment is rendered. When the writ of error is sued out merely for delay, at *738 the rate of ten per centum are awarded on the judgment from its date. Upon an affirmance by this court, is computed upon the whole amount of the reeovery, including interest and costs. In both courts interest is given by way of compensation for the delay occasioned by the appeal. In neither court is any change effected by an affirmance of the judgment.
In the courts of this state judgments (as also decrees) usually bear interest from their date. But it has never been supposed that the defendant by his own default in paying the j udgment could obtain for himself a right of appeal, which he did not possess, without such default. According to the rule insisted on by the learned counsel, the defendant has only to postpone his application for an appeal until the accumulation of interest is sufficient to give the jurisdiction. The plaintiff may do the same thing. If his claim is for less than five hundred dollars, and there is a judgment against him, he can also delay his appeal until the necessary amount is obtained, and thus by his delay confer upon this court cognizance of a case it did not have when the erroneous decision was made. The jurisdiction of this court ought to be governed by certain fixed rules and principles of law, and not made to depend upon the pleasure or caprice of parties. In ascertaining the amount in controversy therefore within the meaning of the constitution, recurrence must be had to the date of the judgment below, and not to the sum due at some subsequent period by the accumulation of interest. For these reasons the appeal must be dismissed, as improvidently allowed.
The judgment was as follows:
This cause, which is pending in this court at its *739 place of session at Wytheville, having been, partly heard but not determined at said place of session, this day came here the parties by their counsel, and the court having maturely considered the transcript of the record of the judgment aforesaid, and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the amount of the judgment at its date being under $500, this court has no jurisdiction. It is therefore considered that the supersedeas aforesaid be dismissed as improvidently awarded, and the defendant in error recover against the plaintiff in error his costs by him about his defense in this behalf expended. And it is further ordered that this judgment be entered on the order book here, and forthwith certified to the clerk of the court where the cause is pending, who shall enter the same on his order book, -and certify it to the said circuit court of Wythe county.
Appeal dismissed.